UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BELL ATLANTIC MOBILE SYSTEMS LLC
d/b/a VERIZON WIRELESS,

                                Plaintiffs,

-against-

CITY OF HUDSON, NEW YORK, THE PLANNING
BOARD OF THE CITY OF HUDSON, NEW YORK,
THE CODE ENFORCEMENT DEPARTMENT OF
THE CITY OF HUDSON; CRAIG HAIGH, In his
Official Capacity as Code Enforcement Officer for
THE CITY OF HUDSON, NEW YORK,

                                Defendants,

and

PROVIDENCE HALL ASSOCIATES, L.P.,

                                Additional Defendant.

**STIPULATION AND ORDER**

Case No. 1:21-cv-00774

(TJM/ATB)

---

It is hereby stipulated and agreed by and between counsel for Plaintiff Bell Atlantic Mobile Systems LLC d/b/a Verizon Wireless ("Verizon Wireless") and Defendants City of Hudson, New York the Planning Board of the City of Hudson, New York, the Code Enforcement Department of the City of Hudson; Craig Haigh, in his official capacity as Code Enforcement Officer for the City of Hudson, New York (collectively, the "City") as follows:

### RECITALS

**WHEREAS,** on or about August 20, 2020, Verizon Wireless made application to the City of Hudson to collocate telecommunications antennas and equipment on the roof of an existing building located at 119 Columbia Street in the City of Hudson ("Application"); and

**WHEREAS,** on or about June 23, 2021, the City of Hudson Planning Board adopted a Resolution dated June 23, 2021, filed in the City Clerk's Office on June 28, 2021 ("Resolution")

1

in which it, *inter alia*, issued site plan approval and a special use permit for the Application, subject to certain conditions; and

**WHEREAS,** by Summons and Complaint dated July 7, 2021, Verizon Wireless commenced this hybrid Complaint/Declaratory Judgement/New York State Article 78 Special Proceeding against the City pursuant to 47 U.S.C. Section 1455, the Federal Communications Act of 1934 as amended by the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. Section 332, the Federal Communications Commission ("FCC") orders, rules and regulations implementing the TCA (the "FCC Orders"), as well as New York Civil Practice Law and Rules ("CPLR") Article 78 seeking various relief with respect to the Application as outlined in the Complaint; and

**WHEREAS,** The Parties desire to resolve the pending action ("Action") without the need for further litigation and without any admission as to the merits of the respective Parties' positions in this litigation.

**THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED AND AGREED** between the Parties, and **SO ORDERED BY THE COURT** as follows:

1. Condition 2 of the second "Be It Further Resolved" clause contained in the Resolution related to a "deed restriction" is hereby deleted in its entirety.

2. Condition 3 of the second "Be It Further Resolved" clause contained in the Resolution is hereby revised and amended to confirm that the note to be added to Sheet C-2 of the Site Plan Set shall state that "The applicant shall return to the Planning Board for approval of any modification of the facility pursuant to Section 285-5A of the City Code. It is acknowledged and understood by all parties that modification in the technology employed at the Property which changes the service from 4G to 5G does

not require approval by the Planning Board as long as any new or modified antennas continue to be screened by the approved stealth concealment panels. Any modification which includes antennas that will not be screened by the stealth concealment panels and are visually discernible require an amended site plan approval from the Planning Board."

3. Verizon Wireless agrees to abandon its request for any and all relief related to the escrow fees paid to date and the Parties agree that the City shall not request, require or impose any additional escrow, inspection or other fees relative to the Application or monitoring of the construction and/or operation of the facility, other than the standard fee for the required Building Permit Application.

4. Condition 5 of the second Be It Further Resolved clause contained in the Resolution is hereby amended to provide that the approval required by said Condition 5 shall be granted within thirty (30) days of submission by Verizon Wireless of all required information.

5. <u>Miscellaneous</u>

    (A) This Stipulation and Order and its terms shall be fully binding upon and inure to the benefit of each of the Parties hereto and their respective heirs, executors, administrators, assigns, successors-in-interest, representatives, subsequent City bodies, agencies and officials, etc.

    (B) This Stipulation may be modified only by a written document signed by all parties. No waiver of this Stipulation or of any of the promises, obligations, terms, or conditions in this Stipulation is valid unless it is written and signed by the party against whom the waiver is sought to be enforced.

(C) If any part or provision of this Stipulation is finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part or provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said part or provision or the remaining parts or provisions of this Stipulation.

(D) The parties cooperated in the drafting of this Stipulation, and its provisions shall not be construed against any party on the grounds that such party was the drafter of this Stipulation or any part thereof.

(E) This Stipulation shall be governed, in all respects, under the laws of the State of New York, irrespective of its choice of law rules. This Court shall retain jurisdiction to enforce this Stipulation when it has been "so ordered."

(F) By the signatures below, the attorneys represent that their respective Parties have independently considered and agreed to the terms of this Stipulation and Order and have duly authorized counsel to sign this Stipulation and Order on their behalf.

(G) That no party hereto is an infant or incompetent.

**IN WITNESS WHEREOF**, counsel for the respective Parties have signed this Stipulation and Order.

DATED: ~~December __, 2021~~ JAN. 6, 2022

YOUNG / SOMMER, LLC

By: _____
Scott P. Olson
Bar Roll No. 507030
*Attorneys for Plaintiff Bell Atlantic Mobile Systems LLC d/b/a Verizon Wireless*
5 Palisades Dr., Suite 300
Albany, New York 12205

HINMAN STRAUB, P.C.

By: _____
David T. Luntz
Bar Roll No. 301947
*Attorneys for Defendants City of Hudson, New York, The Planning Board of the City of Hudson, New York, The Code*

4

Tel.: (518) 438-9907
Fax: (518) 438 9914
Email: solson@youngsommer.com

*Enforcement Department of the City of Hudson, and Craig Haigh, in his official capacity as Code Enforcement Officer for the City of Hudson, New York*
121 State Street
Albany, New York 12207
Tel.: (518) 436-0751
Fax: (518) 436 4751
Email: dluntz@hinmanstraub.com

SO ORDERED:

_____
Hon. Thomas J. McAvoy
Senior U.S. District Judge

Date: __January 7, 2022__

4861-2036-8896, v. 2